UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHOKYRZHON MOLOBAYEV,

    Petitioner,

        v.                        CAUSE NO. 3:26-CV-416-CCB-SJF

BRIAN ENGLISH,

    Respondent.

OPINION AND ORDER

Immigration detainee Shokyrzhon Molobayev, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.[1] (ECF 1.)

Mr. Molobayev is a native of Kazakhstan who entered the United States without inspection in September 2022. (ECF 7-2 at 3.) He was encountered by United States Border Patrol agents a few miles from the U.S.-Mexico border near San Ysidro, California, and it was determined that he had no lawful right to be in the United States. (*Id.*) He was detained but then granted temporary parole into the United States until November 2022.[2] (*Id.* at 16.) It can be discerned that Mr. Molobayev was expected to

---

[1] The court notes that Mr. Molobayev filed his petition without counsel, but an attorney subsequently filed an appearance and reply brief on his behalf. (ECF 1, 8, 10.)

[2] Records reflect he was temporarily paroled for "urgent humanitarian reasons" pursuant to 8 U.S.C. § 1182(d)(5). (*See* ECF 7-2 at 16.) The present record does not reveal what those reasons were. By statute, parole is not considered a formal "admission" into the United States and once parole expires, the noncitizen's case proceeds "in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

report back to immigration officials at the expiration of his parole but failed to do so. He later settled in New York, and in October 2025, he was taken into custody by Immigration and Customs Enforcement (ICE) agents pursuant to an administrative warrant and served with a Notice to Appear in immigration court. (*Id.* at 18.) He is presently being held at Miami Correctional Facility pending the conclusion of his removal proceedings. (ECF 1.) He argues his detention without an opportunity for bond violates applicable statutes and the Fifth Amendment's Due Process Clause. (ECF 1, 10.)

In an order to show cause, the court directed the respondent to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 4.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Warden answered the petition (ECF 7), and Mr. Molobayev filed a reply (ECF 10).

The respondent repeats his argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Molobayev is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he entered the country without inspection and has never been legally admitted. (ECF 7.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025)

2

(Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States years after their arrival.[3] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Molobayev who are arrested within the United States years after their arrival. That leads the court to 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the alien; and (2) may release the alien on (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole" (in plain terms, release on one's own recognizance) until removal proceedings conclude. 8 U.S.C. § 1226(a).

---

[3] The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, ___F.4th___, 2026 WL 819258 (8th Cir. Mar. 25, 2026), reaching a different conclusion about the scope of § 1225(b)(2). These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

Here, Mr. Molobayev was arrested pursuant to a warrant in accordance with § 1226(a). (ECF 7-2 at 18.) However, he has not been given an opportunity for a bond hearing before an immigration judge because officials view him as ineligible for bond under § 1225(b)(2).[4] (ECF 7.) This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

Mr. Molobayev seeks outright release, but the court views the opportunity for a bond hearing as the correct remedy. He was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). However, if the government does not provide him with an individualized bond hearing, then he must be released, because

---

[4] The respondent submits documentation showing that Mr. Molobayev had several arrests and convictions in New York prior to his detention by ICE agents, but does not argue that he is ineligible for bond because of a criminal record. (*See* ECF 7.) Instead, the government rests on the argument that mandatory detention is authorized by 8 U.S.C. § 1225(b)(2). (*Id.*) The court therefore does not explore whether his detention might be authorized by some other statutory provision. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (internal citations and quotation marks omitted)).

his continued detention without an opportunity for bond is unlawful.[5] 8 U.S.C.

§ 1226(a); *Jennings*, 583 U.S. at 306.

    For these reasons, the court:

    (1) CONDITIONALLY GRANTS the petition (ECF 1) and ORDERS the

respondent to release Shokyrzhon Molobayev on or before **April 28, 2026**, unless he is

provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and

corresponding regulations;

    (2) DIRECTS the clerk to email forthwith a copy of this order to the Warden of

Miami Correctional Facility to secure compliance with this order; and

    (3) ORDERS the respondent to file proof of compliance with this order by **April 30, 2026.**

    SO ORDERED on April 20, 2026

                 s/ Cristal C. Brisco
                 JUDGE
                 UNITED STATES DISTRICT COURT

---

[5] Because the court concludes that he is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").